IN THE UNITED STATES DISTRICT COURT
				FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLEN BRUCE PURVIS,

       Plaintiff,

v.                                            Civil Action No. 5:09CV100
                                                                 (STAMP)
PRIME CARE INC.,
EASTERN REGIONAL JAIL,
SUPERINTENDENT BARLOW
and ALL MEDICAL STAFF,

       Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] plaintiff, Allen Bruce Purvis, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that his medical ailment was ignored. The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed without prejudice.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Facts

In his complaint, the plaintiff's entire statement of claim is as follows:

> Several times while being at Eastern Regional Jail[,] I complained that I had an ear infection. And this was ignored everytime (sic) until it got so bad that they had to take me to see Dr. Sabado and then there was the staph infections that occured (sic) 5 times.

The plaintiff requests as relief medical costs, monetary damages, and attorney fees.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff filed objections, this Court reviews the report and recommendation de novo.

IV. Discussion

A. Defendants Prime Care Medical Inc. and Eastern Regional Jail

Title 42, United States Code, Section 1983 prohibits "person[s]" from causing a deprivation of legal rights to any United States citizens under the color of State law. Prime Care Medical, Inc. and the Eastern Regional Jail do not constitute "person[s]" for the purpose of 42 U.S.C. § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under "1983"); see also Roach v. Burch, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); Preval v. Reno, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional Jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983"). Therefore, this Court must affirm the magistrate judge's conclusion that Prime Care Medical, Inc. and the Eastern Regional Jail are not proper parties to this action.

B. Superintendent Barlow and All Medical Staff

Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that

he has a valid claim of some type against defendant." Miqdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). This is especially true in a § 1983 action where liability is personal. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

1. Superintendent Barlow

As the magistrate judge recognized, it appears that the plaintiff names Superintendent Barlow only in his official capacity as the Superintendent of the Eastern Regional Jail. An official capacity suit is to be treated as a suit against the entity, here the state. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The state may be liable under § 1983 when "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id.

This Court, based on a de novo review, finds that the plaintiff fails to assert that an official policy or custom played a role in the alleged violation of his constitutional rights. Accordingly, the plaintiff cannot maintain his claim against Superintendent Barlow unless he can establish his supervisory liability.

4

The magistrate judge correctly noted that there is no respondeat superior liability pursuant to § 1983. See Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 658 (1978). Rather, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977), or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible. Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1143 (4th Cir. 1982), abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

A supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that reveal the presence of the required elements of supervisory liability. This

Court agrees. Thus, the plaintiff has failed to state a claim against Superintendent Barlow, and he must be dismissed from this action.

    2. <u>All Medical Staff</u>

The plaintiff fails to assert that any particular member of the medical staff at the Eastern Regional Jail violated his constitutional rights. Indeed, the plaintiff fails to identify even one member of the staff, or specify which acts that person took that violated his constitutional rights. The plaintiff, therefore, has failed to sufficiently plead his claims against any member of the medical staff at the Eastern Regional Jail, and those defendants should be dismissed for that reason. Alternatively, however, the plaintiff fails to state a claim upon which relief may be granted as against these defendants.

A plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs in order to state a claim1 under the Eighth Amendment for ineffective medical assistance. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 208 (1st Cir. 1990), <u>cert. denied</u>, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or

6

permanent loss.  Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  This second subjective component is satisfied when the prison official acts with deliberate indifference.  Id. at 303.  In Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), the court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

In this case, Magistrate Judge Joel recommended that upon due consideration of the claims alleged in the complaint, the plaintiff has failed to show that he has a serious medical condition.  Additionally, he fails to show how any member of the Eastern Regional Jail's medical staff was deliberately indifferent to such if one did exist.  Nor has he shown that any member of the medical staff disregarded a serious risk to his health.  Accordingly, the plaintiff has failed to state a claim for which relief can be

granted against any member of the Eastern Regional Jail's medical staff, and those persons should be dismissed.

C. Medical Negligence

Finally, to the extent that the plaintiff made any medical negligence or medical malpractice claims, the magistrate judge found that such claims should be dismissed. To prove a medical negligence claim in West Virginia, the plaintiff must establish that

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3. Expert testimony is required if the medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and whether the health care provider was the proximate cause of the plaintiff's injuries. Banfi v. Am. Hosp. for Rehab, 529 S.E.2d 600, 605-06 (W. Va. 2000). Moreover, West Virginia Code § 55-7B-6 sets forth certain requirements that must be met before a health care provider may be sued.[2] Compliance with

---

[2]**§55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions.**

> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.

> (b) At least thirty days prior to the filing of medical professional liability action against a health care provider, the claimant shall serve by certified mail,

the requirements of West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court. <u>Stanley v. United States</u>, 321 F. Supp. 2d 805, 806-07 (N.D. W. Va. 2004).

Here, the plaintiff has failed to establish a standard of care for the diagnosis or treatment of an ear or staph infection, or produce the medical opinion of a qualified health care provider. Furthermore, the plaintiff has pleaded nothing in his complaint showing that he has met the necessary requirements of West Virginia Code § 55-7B-6. For these reasons, this Court agrees with the magistrate judge that any medical negligence or medical malpractice claims should be dismissed.

---

> return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of Rule 15 of the rules of civil procedure.

W. Va. Code § 55-7B-6.

## V. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections thereto lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: August 16, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE